CRAIG CARPENITO
United States Attorney
ELIZABETH A. PASCAL
Assistant U.S. Attorney
401 Market Street
Camden, NJ 08101
(856) 757-5412
elizabeth.pascal@usdoj.gov
Attorneys for Respondents

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| TROY WRAGG, et al., | HON. RENÉE MARIE BUMB, U.S.D.J. |
| *Petitioners,* | |
| v. | Civil Action No. 20-cv-5496 (RMB)(JS) |
| DAVID ORTIZ, et al., | **PROTECTIVE CONSENT ORDER** |
| *Respondents.* | |

This matter having been brought before the Court by Craig Carpenito, United States Attorney for the District of New Jersey, by Elizabeth A. Pascal, Assistant U.S. Attorney appearing on behalf of Respondents David Ortiz, in his capacity as Warden of FCI Fort Dix, and Michael Carvajal, in his capacity as Director of the Bureau of Prisons, and with the consent of Tess Borden, attorney for Petitioners Troy Wragg, Michael Scronic, Leonard Bogdan, and Eliezer Soto-Concepcion having been obtained, and for good cause shown:

IT IS on this  22nd  day of  May , 2020 ordered as follows:

1. This Order covers the information contained in the unredacted list of inmates who have been released to home confinement by officials at the Federal Correctional Institution, Fort Dix, New Jersey ("FCI Fort Dix") as identified in

Respondents' Brief in Support of a Motion to Dismiss and in Opposition to Petitioners' Motion for a Preliminary Injunction, ECF No. 28 at pages 19-20 (hereinafter "protected material"). This order is being entered for the limited purpose of addressing the production of the protected material. This order does not address any discovery other than production of the protected material and does not constitute any finding regarding the appropriateness of formal discovery in this matter. This order does not affect the Government's ability to disseminate the protected material (or the information contained in the protected material) for any purpose.

    2.    Protected material shall only be disclosed by Petitioners' counsel to the following persons:

    a. Counsel for Petitioners to the extent necessary to investigate, prosecute, or defend the claims in this action;

    b. Counsel of record for Petitioners, including but not limited to, directors, staff attorneys, law clerks, law students, law fellows, experts or consultants retained in connection with this litigation who need the protected material for the purpose of rendering an expert opinion, paralegal assistants, and other administrative personnel to the extent necessary to render professional services in this action;

    c. The Court, including court employees, who have access to the protected material in the course and scope of their normal employment; and

    d. Court reporting personnel to the extent necessary to render professional services in this action.

    3.    The persons identified in subparagraphs 2a, 2b, and 2d shall use protected material only to investigate, prosecute, or defend the claims in this action,

and not for any other purpose.

4. Counsel shall serve a copy of this Order on persons identified in subparagraphs 2a, 2b, and 2d before disclosing protected material to them.

5. Each person identified in subparagraphs 2a, 2b, and 2d who receives protected material thereby consents to submit to the jurisdiction of this Court for the purpose of any proceeding related to the performance, compliance, or violation of this Order.

6. If any person identified in subparagraphs 2a, 2b, and 2d receives a subpoena or discovery request for protected material subject to this Order, the person shall immediately give written notice of this Order to the person seeking production and written notice of the subpoena or request to the producing party.

7. Any document filed with the Court that consists of, includes, or refers to protected material shall be redacted or filed under seal.

8. Production of protected material pursuant to this Order does not constitute a waiver of any objection to the production or admissibility of the material or documents or testimony based in whole or in part upon the material.

9. All protected material, or specified portions thereof, shall be returned to the producing party, upon his/her request, at the conclusion of this litigation.

10. This Order shall survive the conclusion of this action.

IT IS SO ORDERED.

_____
HON. JOEL SCHNEIDER, U.S.M.J.

I hereby give my consent to the terms of this Order:

AMERICAN CIVIL LIBERTIES UNION OF NEW JERSEY

By: */s/Tess Borden*
TESS BORDEN, ESQUIRE
Attorney for Petitioners

Date: May 22, 2020

CRAIG CARPENITO
UNITED STATES ATTORNEY

*/s/Elizabeth A. Pascal*
J. ANDREW RUYMANN
ELIZABETH A. PASCAL
Assistant U.S. Attorneys
Attorneys for Respondents

Date: May 22, 2020