```
          UNITED STATES DISTRICT COURT
             DISTRICT OF NEW JERSEY
                CAMDEN VICINAGE
```

| | |
|---|---|
| TROY WRAGG, et al., | |
| Petitioners | Civ. No. 20-5496 (RMB) |
| v. | |
| DAVID E. ORTIZ, et al., | **OPINION** |
| Defendants | |

Appearances:

Jeanne Locicero, Esquire
Tess Meiling Borden, Esquire
American Civil Liberties Union
of New Jersey Foundation
89 Market Street, 7th Floor
P.O. Box 32159
Newark, New Jersey 08102

    Attorneys for Petitioners

John F. Basiak, Jr., AUSA
Mark E. Coyne, AUSA
Elizabeth A. Pascal, AUSA
J. Andrew Ruymann, AUSA
John T. Stinson, AUSA
United States Department of Justice
Office of the U.S. Attorney
401 Market Street
P.O. Box 2098
Camden, New Jersey 08101

    Attorneys for Respondents

**Bumb**, United States District Judge:

    This matter comes before the Court upon Petitioners' informal request, under Federal Rule of Civil Procedure 60(b)(6), to vacate

this Court's prior Order Of May 27, 2020.  Rule 60(b)(6) is a catch-all provision providing litigants with a means to obtain relief from a judgment for any reason "that justifies relief." Buck v. Davis, 137 S. Ct. 759, 777-78 (2017) (quoting Fed. R. Civ. P. 60(b)(6)). "[A] district court may only grant relief under Rule 60(b)(6) in "extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur." Satterfield v. Dist. Attorney Philadelphia, 872 F.3d 152, 158 (3d Cir. 2017) (quoting Cox v. Horn, 757 F.3d 113, 120 (3d Cir. 2014) (quoting Sawka v. Healtheast, Inc., 989 F.2d 138, 140 (3d Cir. 1993)); see also Boughner v. Sec'y of Health, Ed. & Welfare, 572 F.2d 976, 978 (3d Cir. 1978)).

In the Order from which Petitioners seek relief, the Court held that it lacks jurisdiction over the habeas portion of Petitioners' hybrid habeas petition – civil rights complaint - because their claims relate to conditions of confinement. Petitioners had asserted jurisdiction under 28 U.S.C. §2241 based on the allegation that "there is no set of protective measures that Respondents can feasibly implement to contain the spread of COVID-19 in Fort Dix."  (Petr's Mem., Dkt. No. 30 at 38; Compl. ¶ 133, Dkt. No. 1) (alleging "The current population of Fort Dix, both of incarcerated individuals and the staff who come through on a daily basis and work in the same confined space, ensures that any effective measures that would mitigate Petitioners' exposure

2

to and risk of serious illness from COVID-19 are impossible to implement.")

The Court also ruled, in the alternative, that even assuming habeas jurisdiction Petitioners failed to meet their burden of showing that preliminary injunctive relief should be granted. The Court did note in Footnote 26 of its Opinion, relating to its preliminary injunctive analysis, that two inmates, Michael Scronic and Tommie Telfair, had averred in a conclusory manner that none of the inmates were being evaluated by a nurse or doctor. It is this footnote which has caused a point of contention between the parties. Specifically, the Court's footnote reads as follows:

> Two inmates, in particular Scronic and Telfair, state that "to [their] knowledge" none of the inmates have been evaluated by a nurse or doctor, and Scronic believes that inmates have COVID-19 and are not being tested. Respondents have attempted to respond to these conclusory and abstract opinions, contending that no medical attention is being denied. To the extent that Petitioners wish to press this position to show that more than a few isolated incidents of failure to address medical needs exists, they may seek to supplement the record and the Court will reconsider its Opinion and engage in fact-finding provided Petitioners can show that a favorable finding in this regard would alter the Court's conclusion.

Petitioners interpret this footnote as the Court's invitation to engage in limited discovery. It was not such an invitation. As the Court noted, the declarations submitted by inmates Scronic and Telfair were "conclusory and abstract opinions." In opposition to Petitioners' motion for preliminary injunctive relief,

3

Respondents attempted nonetheless to respond to such broad accusations, introducing evidence that they were not denying the medical needs of inmates. Thus, in footnote 26, the Court afforded Petitioners the opportunity to supplement their declarations, to give details where none had been provided. Rather than providing such evidence, such as the identities of the inmates referred to in their declarations, for example, Petitioners complain that they need discovery. Yet, it is their own witnesses who made the disturbing, but yet, conclusory allegations.

The Petitioners introduced the sworn declarations of four inmates as evidence to establish deliberate indifference rising to an Eighth Amendment violation. For example, inmate Scronic swore that since May 6 no one at the Camp had been evaluated for COVID-19 symptoms. In contradiction, however, he admitted that there are routine temperature checks being done. Inmates Valas and Telfair also confirmed in their declarations that routine temperature checks are being done at least every other day. (Although Valas swore "the highest temperature the thermometer [used by staff] registers 97.9 degrees Fahrenheit," Valas presented no explanation to support such bizarre statement. Docket No. 30-5, at ¶ 27). Moreover, the inmates complained in their declarations that a number of inmates were not reporting their symptoms for fear of being sent to quarantine. Of course, this

4

begs the question as to how Respondents can be deliberately indifferent to inmates who express no health concerns.

Petitioners contend that this Court should, on a Motion to Dismiss, accept as true the declarations of the inmates they submitted and permit discovery to move forward. The Court did, and thus found that even resolving the disputes all in favor of Petitioners, they failed to present such an extraordinary case as to warrant the type of novel conditions-of-confinement habeas claim suggested by the Supreme Court in Preiser v. Rodriguez in 1973, but never recognized by the Supreme Court or Third Circuit Court of Appeals.[1] The Court afforded Petitioners an opportunity to put forward more facts to back up their conclusory, and to a degree contradictory, accusations, but they have not done so. Instead, they ask for discovery. Respondents accuse Petitioners of going on a discovery fishing expedition. The Court agrees. Because Petitioners appear to have cast a net too broad, they should not be permitted to go fishing with the hopes they will catch something to fill it.

Habeas petitioners are not entitled to discovery as a matter of ordinary course. Bracy v. Gramley, 520 U.S. 899, 904 (1997).

---

[1] 411 U.S. 475, 499 (1973) ("When a prisoner is put under additional and unconstitutional restraints during his lawful custody, it is arguable that habeas corpus will lie to remove the restraints making the custody illegal."))

They must show good cause. Id. Having failed to give substance to their own witnesses' conclusory statements, Petitioners will not be permitted to go looking elsewhere. Despite affording Petitioners the opportunity to elucidate their own witnesses' statements, Petitioners sidestepped such opportunity to make their case. Nothing in the Petitioners' latest submission presents extraordinary circumstances that this Court should vacate its Order dismissing the case for lack of jurisdiction, pursuant to Fed. Rule 60(b)(6).

Finally, the Court takes this opportunity once again to reiterate its view that a vulnerable inmate who is truly at risk is able to pursue the statutory avenues of relief available to him. Counsel for Petitioners may perform a valuable service in this regard.

s/Renée Marie Bumb  
**RENÉE MARIE BUMB**  
**United States District Judge**

Dated: June 9, 2020